UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ORION INVESTMENTS EDINA, LLC,

                                  Case No. 17-CV-0441 (PJS/FLN)

        Plaintiff,

v.                                        ORDER

FRESENIUS MANAGEMENT
SERVICES, INC. and FRESENIUS
MEDICAL CARE HOLDINGS, INC.,

        Defendants.

---

        Eric A. O. Ruzicka, Elizabeth A. Sellers, and Caitlin Hull, DORSEY & WHITNEY LLP, for plaintiff.

        Alana K. Bassin, Michael R. Carey, and Roxanna V. Gonzalez, BOWMAN AND BROOKE LLP, for defendants.

        Plaintiff Orion Investments Edina, LLC ("Orion"), leased office space to defendant Fresenius Management Services, Inc. ("Fresenius"). ECF No. 1-1 at 12-24, 28-29. Orion then started a construction project near the office space that allegedly created so much noise that Fresenius could not conduct its business. ECF No. 14 at 8. After complaining about the noise, Fresenius purported to terminate the lease effective November 21, 2016. ECF No. 1-1 at 31.

Orion brought this action against Fresenius, alleging that Fresenius had no right to terminate the lease and seeking to recover almost $300,000 in rent.[1] ECF No. 1-1 at 3-9. Fresenius counterclaimed, alleging that Orion breached the lease agreement and thereby relieved Fresenius of its obligation to pay rent. ECF No. 14 at 8-9. This matter is before the Court on two motions: (1) Orion's motion to dismiss Fresenius's counterclaim, ECF No. 8, and (2) Fresenius's motion to sanction Orion for moving to dismiss Fresenius's counterclaim, ECF No. 18.

## I. MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a counterclaim must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations in the counterclaim need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Id.* at 555. In assessing the sufficiency of the counterclaim, the Court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court must, however, accept as true all of the factual allegations in the counterclaim and draw all reasonable inferences in the counterclaimant's favor. *See id.* at 678. The Court may consider materials that are necessarily embraced by the counterclaim as well as any exhibits attached to the

---

[1]Orion also sued defendant Fresenius Medical Care Holdings, Inc., which guaranteed Fresenius's obligations under the lease. ECF No. 1-1 at 25.

counterclaim (such as the lease agreement between Orion and Fresenius) without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Fresenius's counterclaim alleges that Orion breached the lease in two ways:

*First*, Fresenius alleges that Orion breached the lease by "commencing a major construction project at the location of the [leased] Premises"—a construction project that generated so much noise that Fresenius's employees could not do their work. ECF No. 14 at 8. According to Fresenius, Orion thereby "deprived [Fresenius] from its use of the Premises." *Id.*

Under Minnesota law, a tenant may terminate a lease if the landlord commits a material breach of that lease. *See Maple Bank v. St. Louis Park Pub. Sch. Dist. No. 283*, No. A13-2102, 2014 WL 2921941, at *3 (Minn. Ct. App. June 30, 2014).

> A breach is material if "one of the primary purposes" of the contract is violated. *Steller v. Thomas*, 232 Minn. 275, 282, 45 N.W.2d 537, 542 (1950). A breach is also material if it "goes to the root or essence of the contract." *BOB Acres, LLC v. Schumacher Farms, LLC*, 797 N.W.2d 723, 728 (Minn. App. 2011) (quotation omitted). When a material breach has occurred, the non-breaching party is excused from further performance and may sue for damages. *Id.*

*Maple Bank*, 2014 WL 2921941, at *3. The "primary purpose" of the lease agreement was obviously to provide space for Fresenius to conduct its business, as the first numbered paragraph of the lease reflects. ECF No. 1-1 at 12.

Fresenius has adequately pleaded a breach-of-contract claim by pleading that Orion created so much noise in the course of its construction project that Fresenius could not use the leased premises to conduct its business. Fresenius has also adequately pleaded a claim of constructive eviction, which "occur[s] when the beneficial enjoyment of [leased premises] by the lessee is so interfered with by the landlord as to justify an abandonment." *Colonial Court Apartments, Inc. v. Kern*, 163 N.W.2d 770, 771 (Minn. 1968). In fact, in *Colonial Court Apartments*, the Minnesota Supreme Court affirmed a trial court's finding that a tenant had been constructively evicted from her apartment after she repeatedly complained about noisy neighbors and the landlord failed to abate the noise. *Id.* at 770-72. Fresenius need not use the precise term "constructive eviction" (which, after all, is merely a type of breach of contract) or allege precise decibel levels in order to plead a plausible constructive-eviction claim.[2]

---

[2]Needless to say, the Court does not imply that Fresenius's breach-of-contract or constructive-eviction claim is strong, but merely that it is plausible. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a probability requirement . . . ." (internal quotation marks omitted)); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." (internal quotation marks omitted)).

*Second*, Fresenius alleges that Orion breached the lease "by not providing adequate parking in direct contravention of the lease terms." ECF No. 14 at 8. The Court agrees with Orion that this claim is not adequately pleaded, given that nothing on the face of the lease obligates Orion to provide a particular number of parking spots to Fresenius. The lease requires Orion to provide *some* parking—and the lease requires that "[s]uch parking . . . be provided in accordance with all applicable federal, state and local laws, ordinances and regulations." ECF No. 1-1 at 22. But the counterclaim does not allege that Orion failed to provide *any* parking, nor does the counterclaim identify any law, ordinance, or regulation that Orion allegedly violated. *See* ECF No. 14 at 8-9.

For these reasons, Orion's motion to dismiss Fresenius's counterclaim is denied, except insofar as Fresenius alleges that Orion breached the lease by failing to provide adequate parking. That claim will be dismissed without prejudice.[3]

## II. RULE 11 MOTION

Orion did not violate Rule 11 when it filed its motion to dismiss. The Court has granted that motion insofar as it relates to inadequate parking, so that part of the motion was obviously not frivolous. Even as to the part of the motion that the Court has denied—that is, the part related to excessive noise—the motion was far from

---

[3]The Court declines to address Fresenius's claim for return of its security deposit until a full factual record is developed, and the Court is able to determine whether Orion breached the lease agreement or constructively evicted Fresenius.

-5-

frivolous, given the generality and terseness of the counterclaim's noise-related allegations. Fresenius's motion for sanctions is accordingly denied.

A note of caution: The Court is concerned that this litigation has gotten off on the wrong foot. This is a straightforward commercial lease dispute with about $300,000 at stake. Orion and its three attorneys have already filed a Rule 12 motion to dismiss a counterclaim; although the motion was not frivolous, it also was unlikely to accomplish much as a practical matter.[4] In response, Fresenius and its three attorneys filed a Rule 11 motion that seemed to have little purpose other than to demonstrate that Fresenius's lawyers can act as aggressively as Orion's. The Court encourages the

---

[4]The resolution of Orion's motion could not have had a meaningful impact on the scope of discovery. Whether or not Fresenius is permitted to pursue its counterclaim, Fresenius may *defend* against Orion's claim by claiming that Orion breached the lease agreement or constructively evicted Fresenius. *See Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) ("The Court strongly agrees with those judges who have found that *Iqbal* and *Twombly* do not apply to the pleading of affirmative defenses.").

Moreover, even if the Court had granted Orion's motion in its entirety, the Court likely would have dismissed the counterclaim without prejudice, and Fresenius likely would have responded by moving to amend its answer to add a more detailed counterclaim. *See CNH Am. LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011) ("Ordinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects."); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) ("Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend.").

parties and their counsel to strive to bring more light and less heat to the litigation of this dispute.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of plaintiff Orion Investments Edina, LLC, to dismiss the counterclaim [ECF No. 8] is GRANTED IN PART. The counterclaim is DISMISSED WITHOUT PREJUDICE insofar as it alleges that Orion breached the lease agreement by failing to provide adequate parking.

2. The motion for sanctions of defendant Fresenius Management Services, Inc. [ECF No. 18], is DENIED.

Dated: April 19, 2017　　　　　　　　　　　　s/Patrick J. Schiltz  
　　　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz  
　　　　　　　　　　　　　　　　　　　　　　United States District Judge